**TEAMSTERS LOCAL UNION NO. 116, Plaintiff,**

v.

**FARGO–MOORHEAD AUTOMOBILE DEALERS ASSOCIATION, Defendant.**

Civ. No. A78–3048.

United States District Court,
D. North Dakota,
Southeastern Division.

Sept. 8, 1978.

John T. Schneider, Schneider & Hilden, Fargo, N. D., for plaintiff.

Stephen W. Plambeck, Nilles, Hansen, Selbo, Magill & Davies Ltd., Fargo, N. D., for defendant; William H. Bruckner, Tate, Bruckner & Sykes, Houston, Tex., of counsel.

## ORDER

BENSON, Chief Judge.

The above entitled action was commenced in the District Court of Cass County, North Dakota, seeking the enforcement of an arbitration award under a collective bargaining agreement between plaintiff and automobile dealers who are members of defendant association. Defendant submitted a Petition for Removal to this court under 28 U.S.C. § 1441(b), alleging that plaintiff's complaint asserted a claim or right arising

under the Constitution, treaties or laws of the United States.[1] Plaintiff resists the attempt to remove, and has moved that this court remand the action to the state court. This order does not deal with the merits of plaintiff's claim for relief or defendant's defense, but treats only the appropriateness of the removal.

Plaintiff seeks enforcement of the arbitration award pursuant to N.D.Cent.Code § 34–09–08, which provides that a contract between a union and an employer may be enforced by either party by an action commenced in the district court. Defendant contends that the complaint alleges in substance a violation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that a federal question is present to justify removal in the absence of diversity of citizenship of the parties. Section 301 provides in part as follows:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Plaintiff does not mention § 301 in its complaint, and purports to rely solely on the state created remedy for the enforcement of the arbitration award. The issue is whether the failure to assert an available federal remedy under the Labor-Management Relations Act will prevent removal to the federal district court.

■ A plaintiff is the master of his claim. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913). He may choose either the federal or the state remedy for a particular wrong, if there is such a choice, and absent fraud, defendant will not be heard to complain if plaintiff chooses to rely on state law. *Jones v. General Tire and Rubber Co.*, 541 F.2d 660 (7th Cir. 1976). Thus, if plaintiff relies

on state law in its complaint, and there exists no diversity, defendant may not remove the action, for under the well pleaded complaint rule of *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908) there is no original federal jurisdiction. 28 U.S.C. § 1441(b).

■ When there is no state cause of action, however, because plaintiff's claim is exclusively governed by federal law, the action is removable regardless of what is in the pleading. If, for example, the area of law in question is preempted by federal legislation, plaintiff is necessarily stating a federal cause of action even though he purports to rely on state law. *Johnson v. England*, 356 F.2d 44 (9th Cir. 1966), *cert. denied*, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966). The action could have been brought in federal court because there would be original jurisdiction. Removal, therefore, would be proper.

■ The area of labor-management relations is preempted by extensive federal legislation. *See* 29 U.S.C. §§ 141–187; *Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists and Aerospace Workers*, 376 F.2d 337 (6th Cir. 1967), *affirmed*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Johnson v. England*, 356 F.2d 44 (9th Cir. 1966), *cert. denied*, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966). Specifically, the Supreme Court has held that federal substantive law preemptively applies in suits under § 301. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); *Textile Workers of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957). Thus, all rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under federal law. The automobile sales industry is an industry affecting interstate commerce, so plaintiff's complaint is within the purview of § 301. The fact that plaintiff's complaint was cast solely on a state created right to bring suit

---

1. There is no diversity of citizenship of the parties in this action.

for violation of a collective bargaining agreement and sought only a remedy under state law cannot avoid the force of federal preemption under § 301. 376 F.2d at 340; 356 F.2d at 47–48. State and federal courts have concurrent jurisdiction to enforce contracts between an employer and a labor organization, *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), but state courts are bound to apply federal law. 376 F.2d at 340.

 Because plaintiff's complaint necessarily stated a federal cause of action, removal was proper. The state court had jurisdiction to hear the action and to enter judgment, but defendant's right to remove the action to this court was absolute.

IT IS ORDERED that plaintiff's motion to remand to the Cass County District Court is DENIED.