**Lawrence BRINKIN, Plaintiff,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY and the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, AFL–CIO, Defendants.**

**No. C–82–3638 SAW.**

United States District Court, N.D. California.

Oct. 12, 1983.

Matthew A. Coles, Coles & Nakatani, Margaret Crosby, Alan Schlosser, Amitai Schwartz, American Civil Liberties Union, San Francisco, Cal., for plaintiff.

Patrick Jordan, Judith Newton, McLaughlin & Irvin, Robert Bogason, Henning, Walsh & Ritchie, San Francisco, Cal., William Donlon, Gen. Counsel, Rockville, Md., for defendants.

## ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT

WEIGEL, District Judge.

On June 29, 1982, plaintiff Lawrence Brinkin commenced this action for declaratory judgment, injunctive relief, damages and other redress in San Francisco County Superior Court. Plaintiff is a clerk for defendant Southern Pacific Transportation Co. ("Southern Pacific"). He asserts that upon the death of his homosexual "domestic partner" of eleven years, plaintiff was illegally denied funeral leave benefits available to married Southern Pacific employees. Plaintiff alleges three causes of action, pursuant to: (1) the privacy provisions of the California Constitution, Art. 1, § 1; (2) the California Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.;* and (3) the San Francisco Police Code, Art. 33, § 3301, *et seq.* The case is here upon removal by defendant Brotherhood of Railway, Airline & Steamship Clerks, Freight Handlers, Express and Station Employees, AFL–CIO ("Brotherhood").

The essential facts are not disputed. Plaintiff has been employed as a clerk at Southern Pacific since 1979. His employment is governed by a 1970 collective bargaining agreement negotiated between Southern Pacific and a regional unit of Brotherhood. That agreement contains the following provision, referred to by the parties as Rule 67:[1]

### FUNERAL LEAVE

In the event of a death in the immediate family (father, mother, wife, husband, brother, sister, son or daughter, including mother-in-law, father-in-law, step parents and step children), an employee shall be entitled to a maximum of three days off with pay at the rate of position last assigned, GEB employees will be compensated on basis of last daily rate paid. The compensable day or days must fall within the employee's regular scheduled work week.

From 1970 until June 21, 1981, plaintiff resided with the same homosexual domestic partner. On June 21, 1981, his partner committed suicide. Plaintiff allegedly was saddened and unable to work for a time. He subsequently applied to Southern Pacific for three days bereavement leave pay. Southern Pacific denied that application. Plaintiff appealed his grievance to Brotherhood. That appeal was also denied. Both denials were based on the conclusion that the deceased was not one of the persons whose death could trigger the application of Rule 67. Plaintiff then filed this lawsuit.

Plaintiff contends that this Court lacks removal jurisdiction and moves to remand. 28 U.S.C. § 1441(b) describes the removal jurisdiction of the Court, as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties....

28 U.S.C. § 1441(b).

■ The Supreme Court recently reaffirmed the well-pleaded complaint rule as the proper test of lower federal court jurisdiction under this section. *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* —— U.S. ——, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Under this rule, the federal courts may hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of fed-

1. This provision is reproduced in the current printed version of the basic collective bargaining agreement as Rule 67.

eral law. 103 S.Ct. at 2856. Stated differently, "A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Board,* 103 S.Ct. at 2847, quoting *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

■ The complaint in this case sets forth three causes of action. If any lie within the original jurisdiction of this Court, removal is proper as to the whole case. *See* 28 U.S.C. § 1441(c). The first cause of action alleges a violation of plaintiff's privacy rights under the California Constitution. The second alleges that defendants' acts violate the California Fair Employment and Housing Act and the third that these acts violate the San Francisco Police Code. At first blush, then, the complaint pleads causes of action created by state, and not federal, law.

The Supreme Court's analysis in *Franchise Tax Board* applies with striking particularity to preclude federal court jurisdiction here: "California law establishes a set of conditions, without reference to federal law, under which [plaintiff may obtain relief]; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if [plaintiff] has made out a valid claim for relief under state law." 103 S.Ct. at 2848.

■ A case may "arise under" the laws of the United States if a well-pleaded complaint establishes that its right to relief under state law requires resolution of a substantial question of federal law. Defendants argue that a well-pleaded complaint in this case raises a substantial question of federal law. This argument is founded on the fact that plaintiff was refused the benefits sought because of defendants' reliance on a collective bargaining agreement. Due to this fact, defendants raise various claims of federal preemption. Defendants contend that their claims of preemption raise substantial questions of federal law and bring this case within this Court's jurisdiction under the doctrine of *Avco Corp.' v. Aero Lodge No. 735, et al.,*

376 F.2d 337 (6th Cir.1967), *aff'd* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

In *Avco,* plaintiff alleged a violation of a collective bargaining agreement, pleading only a state contract law cause of action. *Id.* at 339. Had plaintiff invoked it, there would have been a federal cause of action under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. *See* 103 S.Ct. at 2853. Moreover, it was beyond dispute that federal law would control the state court cause of action in state court. *Id.* In *Avco,* the "necessary ground of decision was that the preemptive force of [the cause of action under] § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Id.* (quoting LMRA § 301, 29 U.S.C. § 185(a)). The decision in *Avco* does not establish federal jurisdiction here.

The Supreme Court in *Franchise Tax Board* recognized the incongruity of relegating to state court a case in which "the only question for decision is raised by a federal preemption defense." 103 S.Ct. at 2848. The Court stated that, nevertheless, such suit could not be brought in federal court because, "[b]y unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Id.* quoting *Gully v. First National Bank,* 299 U.S. 109, 116, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936). *Avco* involved a special application of the well-pleaded complaint rule which created an extremely narrow "exception" to this rule.

In setting out the *Avco* exception, the Supreme Court in *Franchise Tax Board* twice repeated the language of the statute giving rise to the preemptive federal cause of action: *Avco* applies to suits "for violation of contracts between an employer and a labor organization." 103 S.Ct. at 2853 and 2854 n. 28 (quoting LMRA § 301, 28 U.S.C. § 185(a)). Additionally, the Supreme Court noted that "even under § 301 we have never intimated that any action merely relating to a contract within the

coverage of § 301 arises exclusively under that section." 103 S.Ct. at 2854 n. 28.

The substantive question in *Franchise Tax Board* was whether the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* permitted state tax authorities to collect unpaid state income taxes by levying on funds held in trust for the taxpayers under an ERISA-covered benefit plan. 103 S.Ct. at 2843. The Court acknowledged that the issue is "an important one, which affects thousands of federally regulated trusts and all non-federal tax collection systems, and it must eventually receive a definitive, uniform resolution." *Id.* Despite these additional federal concerns, and the importance of employee benefit plans to collective bargaining agreements, the Supreme Court refused to extend the doctrine of *Avco Corp. v. Aero Lodge No. 735,* to the case before it. The federal concerns in the case at bar are no more substantial than those in *Franchise Tax Board.* Defendants offer no satisfactory basis for distinguishing the decision in *Franchise Tax Board* and expanding the holding in *Avco* to include this case.

The Court concludes that it is without jurisdiction in this case. Therefore, the action must be remanded. 28 U.S.C. § 1447(c).

Accordingly,

IT IS HEREBY ORDERED that the action captioned "Lawrence Brinkin, Plaintiff, v. Southern Pacific Transportation Company, The International Brotherhood of Railway, Airline and Steamship Clerks, and Does 1–30, inclusive, Defendants," Docket No. 796271 in the San Francisco Superior Court, is hereby remanded to the Superior Court for the City and County of San Francisco. The Clerk of this Court is directed forthwith to mail a certified copy of this Order to the Clerk of the Superior Court for the City and County of San Francisco.