Shirley L. SCHAEFFER, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a foreign corporation, and Robert Evans, M.D., Defendants.

Civ. No. 84–CV–0198–DT.

United States District Court, E.D. Michigan, S.D.

May 30, 1984.

Astra Bremanis of Randolph McCarthy, Jr. P.C., Kalamazoo, Mich., for plaintiff.

John L. Collins and William Schulz of Foster, Swift, Collins & Coey, P.C., Lansing, Mich., for General Motors Corp.

Morris Friedman of Moll, Desenberg, Bayer & Behrendt, Detroit, Mich., for Robert Evans.

## MEMORANDUM AND ORDER

COHN, District Judge.

This is a wrongful discharge from employment case. Plaintiff has filed a motion to remand to the state court where the case was originally filed.

In her complaint plaintiff alleges defendant fired her when it knew or should have known she was about to file a worker's compensation claim, and that its action violates the public policy of Michigan. See *Goins v. Ford Motor Company,* 131 Mich. App. 185, 347 N.W.2d 184 (1983). Plaintiff filed suit on December 15, 1983. Defendant removed to Federal court alleging that a collective bargaining agreement governs the relationship between the parties, and that therefore plaintiff's case necessarily arises under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiff's motion to remand argues her claims are based entirely on state law.

A hearing was held on March 12, 1984. Subsequently plaintiff filed an amended complaint describing her claims with greater particularity. Count I alleges that defendant knew or should have known plaintiff was about to file a worker's compensation claim, and that its decision to discharge plaintiff was in retaliation for her intention to file the claim. Count II alleges that defendant's actions in calling plaintiff's physician without permission and inquiring about confidential information amount to intentional infliction of emotional distress. Count III claims that defendant's actions referred to in Count II constitute negligent infliction of emotional distress. Count IV alleges that defendant wrongfully invaded plaintiff's privacy in seeking the release without her permission of privileged communications with her physician. In Count V plaintiff further alleges that her discharge was in violation of the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.1202.

Defendant, in a supplemental brief, continues to argue that all of plaintiff's claims are preempted by § 301 of the LMRA, and that therefore this case was properly removed to federal court. For the reasons that follow the Court finds that plaintiff's complaint on its face does not raise a federal question and that therefore this case was improvidently removed.

### I.

28 U.S.C. § 1441 provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Since there is no diversity of citizenship the propriety of the removal hinges on whether it is based on a federal question, that is, whether it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under" federal law, the court

must look solely to the plaintiff's complaint.

> "[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."

*Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–725, 58 L.Ed. 1218 (1914). This is known as the well pleaded complaint rule. However, a corollary of this rule is that a plaintiff cannot avoid removal by "artful pleading", that is, by failing to plead a federal question that is necessary to a claim. *Franchise Tax Board v. Laborers Vacation Trust*, —— U.S. ——, ——, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983); see *Avco Corp. v. Aero Lodge No., 735, Int'l Assn. of Machinists*, 376 F.2d 337, 339–340 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

## II.

The gist of defendant's argument is that since plaintiff's employment is governed by a collective bargaining agreement, which is governed solely by § 301 of the LMRA, her case by its very nature presents a federal question and is therefore removable. Defendant contends plaintiff cannot avoid this result by artful pleading, that is, by failing to refer to the collective bargaining agreement. Defendant, however, fails to carefully analyze the issue of federal preemption which in the labor field arises in two distinct types of cases, one of which is removable while the other is not.

■ On the one hand, there are labor cases where a plaintiff's very claim is controlled by federal law even though she may characterize her case as one based on state law. This situation arises when a plaintiff brings a suit in reliance on the collective bargaining agreement, even if the suit is characterized as a common law contract claim rather than a suit under the LMRA.

See, e.g., *Avco Corp., supra; Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir.1980); *Teamsters Local Union No. 116 v. Fargo-Moorhead Automobile Dealers Association*, 459 F.Supp. 558 (D.N.D.1978). It is clear that a case which relies on a provision of a collective bargaining agreement is exclusively governed by Federal law:

> "[A]ll rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under Federal law. State law does not exist as an independent source of private rights to enforce collective bargaining contracts. While State courts may have concurrent jurisdiction, they are bound to apply Federal law. * * * The force of Federal preemption in this area of labor law cannot be avoided by failing to mention Section 301 in the complaint."

*Avco, supra*, 376 F.2d at 340. Since even a state court would have to apply federal law in deciding what rights a plaintiff has stemming from a collective bargaining agreement, a federal question is presented on the face of a plaintiff's complaint which seeks relief under the union contract. Therefore, such a case is removable since the claim necessarily "arises under" federal law, a conclusion a plaintiff cannot avoid by pleading a state law contract claim.

■ On the other hand, there are labor cases where a plaintiff's state law claim as stated requires no resolution of federal law. In these cases federal preemption becomes relevant only as a defense to the state law claim. In considering a preemption argument in this type of case a court does not inquire whether plaintiff's claim requires a resolution of federal law; rather, the court examines the state interest involved and the potential for interference with the comprehensive federal scheme to determine if federal law preempts the state law claim. See, e.g., *Farmer v. United Brotherhood of Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977); *Machinists v. Wisconsin Emp. Rel. Comm'n*, 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396

(1976); *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984).

The distinction between these two types of cases is critical in determining whether a case can be properly removed based on an argument of federal preemption.

"The distinction between an artfully pled complaint [which is removable] and one that is preempted, but not removable, lies in whether the removing court must 'look beyond plaintiff's complaint, to the petition for removal or the answer, to find a federal question' or whether 'the facts alleged were sufficient to state a federal cause of action on the face of the complaint. * * * The former is not removable; the latter is removable because artfully pled."

*Garibaldi, supra,* at 1370 n. 5.

■ Turning to the case at bar, plaintiff's amended complaint presents no federal question on its face. It makes no reference to a collective bargaining agreement which would by necessity require the resolution of a federal question. *Avco, supra; Friscoe, supra.* Plaintiff's claims are not based on state contract law in reliance on the collective bargaining agreement but rather lie in tort: wrongful discharge in violation of state public policy,[1] intentional and negligent infliction of emotional distress, and invasion of privacy. Only when defendant's removal papers are examined does a federal question appear as defendant refers to the collective bargaining agreement and claims that this court has jurisdiction under § 301 of the LMRA. In the context of this case federal preemption is an issue solely as a defense to plaintiff's state law claims which in themselves do not require the resolution of any federal question. Where federal preemption is presented solely in the posture of a defense to state law claims a federal court lacks subject matter jurisdiction and the case cannot be properly removed from state to federal court.

"[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint ...."

*Franchise Tax Board, supra,* —— U.S. at ——, 103 S.Ct. at 2848, 77 L.Ed.2d at 433.

### III.

Plaintiff's motion is GRANTED. This case is REMANDED to Wayne County Circuit Court as improvidently removed.

SO ORDERED.[2]

---

1. Courts have interpreted such claims to be more analogous to tort claims than contract claims. See, e.g., *Garibaldi, supra,* at 1375; *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973); *Brandon v. Ford Motor Company,* Civil No. 78–70913 (E.D.Mich. Nov. 14, 1980).

2. The Court expresses no opinion on whether plaintiff's state law claims are preempted by the LMRA. That issue must be decided by the state court.