**Leland F. WELCH, Individually and On Behalf Of Others Similarly Situated, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, and Buick Motor Division, Defendants.**

**No. 84–CV–8596–FL.**

United States District Court, E.D. Michigan, S.D., at Flint.

Jan. 31, 1986.

---

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court are defendants' Motion for Summary Judgment and plaintiff's Motion to Remand this case to state court. Plaintiff brought this case in the state court alleging that a provision of the collective bargaining agreement which denied overtime assignments to employees with medical restrictions or jobs other than those they were performing in a particular job violated the Michigan Handicappers' Civil Rights Act (MHCRA), M.C.L.A. § 37.-1101 et seq. Moreover, the policy states that when overtime is given to another employee, it is "charged" against the plaintiff so that when overtime becomes available for an employee with medical restrictions, the record shows that he had already been given his overtime; in essence, it is charged against him.

Defendants removed the action to this court. Defendants' motion for summary judgment asserts that the policy which plaintiff claims violated the MHCRA was mandated by a provision of the local agreement of the collective bargaining agreement and hence it "arises under" and invokes § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendants claim that in the context of this case, § 301 pre-empts the MHCRA citing *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Defendants next contend that this being a § 301 action, plaintiff cannot prevail where he has neither alleged nor shown a breach of

his union's duty of fair representation and that this court lacks subject matter jurisdiction because plaintiff failed to exhaust his non-judicial remedies. Plaintiff's motion to remand and for summary judgment contends that this action was not a § 301 action nor was it pre-empted by § 301.

Section 301 of the LMRA, 29 U.S.C. § 185 states in pertinent part:

(a) Suits for *violation of contracts* between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, ... (emphasis added).

Plaintiff's complaint does not allege, either explicitly or implicitly, a breach of the collective bargaining agreement but rather that a provision of the local agreement to the collective bargaining agreement was itself a violation of state law. Although this Court is aware of the broad scope of § 301 and the fact that some plaintiffs may attempt to avoid the reach of § 301 with artful pleadings, this case simply does not invoke § 301. While "mere omission of reference to LMRA § 301 in the complaint does not preclude federal subject matter jurisdiction,"[1] just because a case involves a collective bargaining agreement does not make it a § 301 case.

The Court has also had the benefit of oral argument during which the defendants argued that the policy or provision in question had been improperly applied to plaintiff such that this case really involved a claim for breach of contract. Although plaintiff denied that this was his claim, he asserted that even if it were true, it would make no difference. His claim still would be that the manner in which he was treated, whether the contract was rightly or wrongly applied to him, violated the MHCRA.

The cases cited by defendants in their brief are consistent with the holding today. *Franchise Tax Board v. Construction La-*

*borers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) ("the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for *violation of contracts* between an employer and a labor organization.") *Allis-Chalmers Corp., supra* 471 U.S. at 211–212, 105 S.Ct. at 1911, 85 L.Ed.2d at 215–216. ("Not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 ... there [is no] suggestion that Congress in adopting § 301 wished to give the substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation.")

Therefore, for the reasons just stated, plaintiff's Motion to remand this case to the Genesee County Circuit Court is GRANTED, and defendants' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

---

**1.** *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980).