**Gina Simon TURK, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a Delaware Corporation, Defendant.**

No. 86–CV–71571–DT.

United States District Court, E.D. Michigan, S.D.

June 11, 1986.

Garry L. Walton, Dietrich, Zody & Walton, Kalamazoo, Mich., for plaintiff.

Richard Tuyn, Clark, Hardy, Lewis, Pollard & Page, P.C., Birmingham, Mich., Gordon L. Quist, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

Before me is plaintiff's motion to remand this case to the Wayne County, Michigan, Circuit Court from which it was removed on the grounds that it is an action of which this court has original jurisdiction under the provisions of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, 28 U.S.C. § 1441.

For the reasons that follow, I find that this case was improvidently removed and, therefore, it is REMANDED to the Wayne County Circuit Court.

Plaintiff, in her complaint filed March 4, 1986, alleges in summary that she was employed by defendant as a press operator in defendant's Kalamazoo, Michigan facility and that in the course of her employment she was sexually harassed with the knowledge of defendant by her foreman, in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.* The complaint further alleges in conclusional form violation of the Michigan Handicappers' Civil Rights Act (MHCRA), M.C.L. § 37.1101 *et seq.*, and intentional infliction of emotional distress.

Defendant's removal is predicated on the theory that the MHCRA "can potentially alter or abrogate contractual rights that [defendant and the United Automobile

Workers (UAW) ] have collectively bargained [and therefore] federal labor law will govern" and on the authority of *Cole v. General Motors Corporation*, No. G83–408CA, slip op. (W.D.Mich. Oct. 22, 1984) (Hillman, J.) and *Butynski v. General Motors Corporation*, No. 85CV–60454–AA, slip op. (E.D.Mich. Mar. 12, 1986) (Joiner, J.).

Defendant is wrong. First, the complaint says absolutely nothing about the collective bargaining agreement between defendant and the UAW and it certainly cannot be said that plaintiff artfully avoided pleading a federal question that is necessary to the success of her claims.[1] *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Second, the allegation in the complaint that defendant could have accommodated plaintiff's handicap by transferring plaintiff to a plant other than the one she was working in or by giving her the first available new position at another plant is not an essential allegation to stating a claim under the MHCRA and certainly does not necessarily implicate a federal question.[2] At best, accommodation in the form of a transfer might be resisted as a defense should plaintiff prevail on the claim. *See Schaeffer v. General Motors Corp.*, 586 F.Supp. 870

(E.D.Mich.1984); *Rancour v. Detroit Edison Co.*, 150 Mich.App. 276, 388 N.W.2d 336 (1986). More importantly, however, I find Judge Feikens's reasoning in *Kazor v. General Motors Corporation*, No. 82–74771, slip op. (E.D.Mich. Mar. 29, 1984), persuasive of the principle that the MHCRA grants plaintiff a statutory right independent of federal labor law.[3] *See also Northwest Indus. Credit Union v. Salisbury*, 634 F.Supp. 191 (W.D.Mich. 1986) (Gibson, J.); *Welch v. General Motors Corp.*, 641 F.Supp. 80 (E.D.Mich.1986) (Newblatt, J.); *Kazor v. General Motors Corp.*, 585 F.Supp. 621 (E.D.Mich. 1984); *Zahnow v. Great Lakes Distrib. Co.*, 544 F.Supp. 553 (E.D.Mich.1982) (Freeman, J.), *aff'd without opinion*, 765 F.2d 147 (6th Cir.1985). *Maynard v. Revere Copper Products, Inc.*, 773 F.2d 733 (6th Cir.1985), and *Cole* and *Butynski, supra,* do not clearly support defendant's removal on preemption grounds; those cases involved grievances filed with the plaintiff's union, thus bringing their claims within the federal labor law's interest in fair representation. To follow defendant's view of federal labor law would give it a "Pac Man"-like character certainly not envisioned by the Congress.[4] *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

SO ORDERED.

---

1. Defendant points out that *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1473 (9th Cir.1984), explicated that court's analysis of the artful pleading doctrine in *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984), on which I relied in *Schaeffer v. General Motors Corp.*, 586 F.Supp. 870 (E.D.Mich.1984). While I agree that it is permissible to look beyond the complaint to determine whether the plaintiff has artfully pleaded her claims, plaintiff's claims here do not in any way depend upon an interpretation of the collective bargaining agreement.

2. The remedy sought by plaintiff for violation of the MHCRA is irrelevant. It is sufficient under the MHCRA to simply plead that an employer failed to accomodate a handicapped employee. Similarly, it is irrelevant that the collective bargaining agreement addressed the subject of job relocation. An employer cannot nullify state discrimination statutes by providing within the collective bargaining agreement for remedies

sought by plaintiffs who claim violations only of state laws.

3. Constitutional law scholar Laurence H. Tribe recently noted in "Federalism With Smoke and Mirrors," *The Nation*, June 7, 1986, at 788, that "the benefit of the doubt in our Federal system is tilted against Federal pre-emption of state law ...." He cautioned against a "view of preemption [that] has the burning force of a prairie fire," because "it is hard to see what structures of state compensation would survive the ensuing conflagration."

4. If I were to agree with defendant that plaintiff's claim under the MHCRA is preempted by federal labor law, one would have to ask what would remain of the MHCRA? Would it be a nullity? Would it be interpreted subject to the language of the collective bargaining agreement? I need not answer these questions because the federal labor law does not go so far.