NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHANE BETTS,

Plaintiff-Appellant,

v.

PETER SWANN, in his official capacity; et al.,

Defendants-Appellees.

No. 23-15434

D.C. No.
2:22-cv-01186-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted August 27, 2024[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Shane Betts appeals pro se from the district court's order dismissing his claims against Defendants-Appellees in his action relating to two car accidents. Betts entered into written contractual agreements with a chiropractor (the Carrs)

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and an attorney (Silence) for medical and legal services, respectively, provided after the accidents. Following Betts's nonpayment, the Carrs and Silence sued Betts in Arizona state court. Betts argued before an arbitrator, an Arizona state trial court, an Arizona state appellate court, an Arizona federal district court, and now our court that he is not liable for breach of contract. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's order granting a motion to dismiss." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021). We affirm.

1. The district court lacked jurisdiction to hear Betts's claims related to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), based on the doctrine *res judicata*. On appeal, Betts appears to argue that these claims are not a *de facto* appeal of the Arizona state appellate court decision nor precluded because he raised preemption—specifically that he participated in an employer-sponsored health plan governed by ERISA—as a defense to the Carrs' and Silence's breach-of-contract claims, whereas he makes an affirmative ERISA claim here.[1] Even though Betts styles his argument as an affirmative claim, the substance is the same: Preemption as a defense to contractual

---

[1] "[W]here the petitioner is pro se," the court has an "obligation" to "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

2

liability.  For this reason, his claim is precluded by *res judicata*.[2]  *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1998), quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (emphasis added) ("Claim preclusion 'prevents litigation of all grounds for, *or defenses to*, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'").

To the extent that Betts argues that he did not make the preemption argument before the Arizona state courts, that is contradicted by the record.  To the extent that Betts argues that he made the same argument before the Arizona state appellate court and that the court erred in its analysis, the *Rooker–Feldman* doctrine expressly bars lower federal court review.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("United States District Courts . . . do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege

---

[2] Additionally, Betts's understanding of preemption is mistaken.  ERISA "preempts any law which 'relates to' an employee benefit plan covered by ERISA."  *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1316 (9th Cir. 1997) (Thomas, J., concurring in part and dissenting in part), quoting *Felton v. Unisource Corp.*, 940 F.2d 503, 508–09 (9th Cir. 1991).  "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."  *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 139 (1990), quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983).  In other words, ERISA preempts state laws relating to employee benefit plans, not state laws governing contracts that are independent from, albeit tangentially related to, an ERISA plan.

that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme] Court."); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (stating that the *Rooker–Feldman* doctrine also "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment"); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), quoting *Feldman*, 460 U.S. at 483 n.16 (explaining that a *de facto* appeal in federal courts occurs when "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules."). To the extent that Betts argues he could not have brought his ERISA claim (styled as a defense) before because the Arizona state court was unable or unwilling to apply federal law, such argument is contrary to binding precedent. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), citing *Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n of Machinists and Aerospace Workers*, 376 F.2d 337, 339–40 (6th Cir. 1967), aff'd, 390 U.S. 557 (1968) (stating that state courts are competent to interpret and apply federal law, including preemption law).

2. The district court lacked jurisdiction to hear Betts's claims related to 29 U.S.C. § 1132(a)(3) based on the doctrines of *res judicata*, *Rooker–Feldman*, and Eleventh Amendment immunity.

4

The claims against the Carrs and Silence, although styled as seeking new relief available only in federal court, are precluded by *res judicata* because Betts relies on preemption as a defense to contractual liability and he could have raised preemption before the state court. *See Robi*, 838 F.2d at 322.

As for the claims against Judges Mikitsh and Swann—that the judges issued rulings preventing Betts from presenting his ERISA defense at trial and interpreting ERISA law incorrectly—these are *de facto* appeals of the state court process and thus barred by *Rooker–Feldman*. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject-matter jurisdiction in federal district court."). "Any complaints about the wisdom of [the Arizona state courts'] interpretation are properly directed to the legislature, not this court." *Fed. Election Comm'n v. Ted Haley Cong. Comm.*, 852 F.2d 1111, 1115 (9th Cir. 1988).

As for the claim against Attorney General Mayes, the Eleventh Amendment applied—and the *Ex parte Young* exception did not—because the Attorney General has no enforcement power over the judiciary's interpretation of decisional ERISA law. *See Central Reserve Life of N. Am. Ins. Co.*, 852 F.2d 1158, 1160–61 (9th Cir. 1988), citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 (1984) ("Where the state is in fact the real party in interest, the eleventh

5

amendment precludes a district court from exercising jurisdiction over the claims presented even though only state officials have been named as party defendants."); *id.* at 1161, quoting *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984) ("A state is deemed to be the real party in interest . . . if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'"); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021), citing 209 U.S. 123, 159–60 (1908) ("[I]n *Ex parte Young*, [the Supreme] Court recognized a narrow exception [to Eleventh Amendment immunity] grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law.").

3. The district court did not err in granting the motions to dismiss Betts's 42 U.S.C. § 1983 claims against the Carrs and Silence, as well as their attorneys Lynde and Bradford, because these are private parties, not state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal quotations omitted) ("[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977) (collecting cases) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").

4. The district court did not err in granting the motion to dismiss Betts's 42 U.S.C. § 1983 claims against Judges Mikitish and Swann.[3] To the extent that Betts argues that the judges' rulings in his or previous cases were unconstitutional, *Rooker–Feldman* bars this claim. *See Feldman*, 460 U.S. at 486. To the extent that Betts argues that the judges create or enforce ERISA in an unconstitutional way, such a claim is barred by the Eleventh Amendment because judges do neither; they simply interpret law to resolve disputes.[4] *See Whole Woman's Health*, 595 U.S. at 39. To the extent that Betts argues that Arizona's compulsory-arbitration rule is violative of due process because it does not explicitly require arbitrators to be neutral, this claim is barred by *res judicata* because he could have brought it before the Arizona state courts.[5]

---

[3] The district court also dismissed a section 1983 claim against Attorney General Mayes based on Eleventh Amendment immunity. On appeal, Betts appears to challenge only the district court's holding concerning his ERISA claim against the Arizona Attorney General, not his section 1983 claim. Therefore, we do not consider any challenge to the district court's section 1983 holding with respect to Attorney General Mayes. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (observing that this court does "not consider matters not specifically and distinctly raised and argued in the opening brief").

[4] Contrary to Betts's suggestion, the Supreme Court's determination in *Whole Woman's Health* that the *Ex parte Young* exception *did not* apply necessarily meant that that the default Eleventh Amendment immunity *did* apply. 595 U.S. at 39.

[5] Even if he had, the argument would have been without merit. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S.

5. The district court did not err in granting the motions to dismiss Betts's claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. "We agree with the district court that [Betts] offers only vague allegations with no factual support that the defendants engaged in any of the requisite predicate crimes" or conduct to support a RICO claim. *Lacey v. Maricopa County*, 693 F.3d 896, 939 (9th Cir. 2012). To the extent that Betts argues that the district court abused its discretion in denying his motion for leave to amend the amended complaint to add these needed facts, such argument is without merit. In its order denying leave to amend, the district court cited specific examples from Betts's proposed amendment illustrating that he had not cured the previously-identified pleading deficiencies. *See Flowers v. Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile.").

---

319, 333 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Arizona law provided, and Betts availed himself of, the opportunity to seek de novo review of the arbitrator's decision in the Arizona state trial court and appellate review of that court's decision in the Arizona state appellate court. *See* Ariz. Rev. Stat. § 12-133(H). Moreover, Betts could have moved, consistent with Arizona law, to disqualify or to excuse an arbitrator due to "an ethical conflict of interest" or "other good cause." Ariz. R. Civ. P. 73(g)(1). There is no indication in the record that Betts pursued this avenue in the Arizona state courts. These procedures appear more than adequate due process protections. *See Mathews*, 424 U.S. at 333.

Betts also appears to argue that the arbitrator in his case may have had a financial conflict of interest but does not provide facts or otherwise develop his contention. Therefore, we decline to consider this argument. *See Padgett*, 587 F.3d at 985 n.2.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We deny Betts's motion to supplement the record because the information is not material to the appeal [Dkt. 41]. *See* Fed. R. App. P. 10(e)(2); *see also* Fed. R. App. P. 10(b)(2) (appellant is required to provide copies of trial transcripts "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence"); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (observing that Rule 10(b)(2) applies to pro se litigants); *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (allowing this court to "exercise inherent authority to supplement the record" only in an "extraordinary case").

We decline Lynde's request to make a finding that Betts is a vexatious litigant and enter an order enjoining him from future litigation. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (listing specific steps a district court must take before declaring a litigant vexatious); *Forest Grove Sch. Dist. v. T.A.*, 638 F.3d 1234, 1238 (9th Cir. 2011) ("[A]s an appellate court, we are not in the business of making findings of fact.").

**AFFIRMED.**