Jack FRISTOE, Appellant,

v.

REYNOLDS METALS CO. et
al., Appellees.

No. 77-3832.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1980.

Jack Fristoe, in pro. per.

Robert F. Walker, James L. Marable, III, Henry R. Fenton, Los Angeles, Cal., argued for appellees; Matthew B. F. Biren, Los Angeles, Cal., on the brief.

Before WRIGHT and KENNEDY, Circuit Judges, and HATFIELD, District Judge.*

PER CURIAM:

Appellant challenges the removal of this action against his employer and labor unions to federal district court. He alleges that the employer discharged him in violation of the collective bargaining agreement and that the union breached its duty of fair representation in processing his grievance.

Moreover, he contends that his ignorance of the right to appeal the union's refusal to arbitrate his grievance excuses his failure to exhaust internal union remedies. He also asserts error in the inadvertent omission of two depositions from the record.

The district court granted the defendants' motion for summary judgment, and we affirm.

*FACTS*

Fristoe, an employee of Reynolds Metals Co. (Reynolds), was involved in off-premises fisticuffs with his supervisor. The altercation apparently arose from a job-related dispute between them. On the basis of

* Of the District of Montana.

signed statements by two eyewitnesses that Fristoe provoked the fight, Reynolds discharged him.

Fristoe asked his union steward to file a grievance over the discharge. The union took the grievance through the first three steps of the procedure but Reynolds refused to reinstate him. Because the evidence was unfavorable to Fristoe and the fight had been work-related, the union decided not to take the grievance to the fourth step, arbitration, and told Fristoe it was withdrawing the grievance.

Unaware of the appeals procedure provided by the union's constitution, Fristoe took no further action regarding his discharge until he filed a complaint in California state court.[1]

He appeared pro se in the state proceeding. In his original complaint he alleged several causes of action including conspiracy, breach of contract, fraudulent misrepresentation, and violations of constitutional rights. He designated as defendants Reynolds and unnamed officers of the district and international unions,[2] and Does 1–100, inclusive.

He attempted to serve the unnamed officers of Reynolds and the unions by leaving the summons and complaint with a secretary at Reynolds and with a clerical worker at the union, neither of whom was authorized to accept process.

Reynolds, who had been properly served, filed a petition for removal to federal court. Although the petition was filed one day late, Fristoe did not object to removal on untimeliness grounds. He contended that the complaint alleged only common law causes of action, that he sought redress from individuals, and that he was not bringing an action under Labor Management Relations Act (LMRA) § 301, 29 U.S.C. § 185.

He also argued that removal was improper because the other named defendants did not join in the removal petition.

The district court judge, after extensive questioning of Fristoe as to the nature of his allegations, determined that the complaint could be construed as alleging a breach of the collective bargaining agreement which would confer federal jurisdiction under LMRA § 301.

He granted motions of Reynolds and the unions to dismiss the complaint as to the unnamed parties and to quash service of process, finding that the complaint did not sufficiently identify the defendants. It also dismissed as to Does 1–100, concluding that joinder of Doe defendants was not permitted in federal court, and denied Fristoe's motion to remand.

The defendants moved for summary judgment which was granted. The court concluded that Fristoe had failed to exhaust his internal union remedies and had made no showing that the union had breached its duty of fair representation; that the record did not support any claim against Reynolds for breach of the collective bargaining agreement; and that the evidence established no participation by the International in any conduct of the union.

We face these issues:

(1) Was removal proper?

(2) Does the record support the district court's order granting summary judgment in favor of each defendant?

## I.

### REMOVAL TO FEDERAL COURT

1. *Subject Matter Jurisdiction.*

Fristoe contends his original state court complaint did not confer federal subject matter jurisdiction.

1. The Constitution and Laws of the International Printing and Graphic Communications Union provides that a decision of a subordinate union may be appealed to the President of the International Union, that the President's decision may be appealed to the Board of Directors, and that the Board's decision may be appealed to the next convention of the International Union, whose decision is final.

2. Fristoe was a member of Printing Specialities and Paper Products Union, District Council No. 2, Local Union No. 708. The international affiliate, which he incorrectly designated as the International Printing Pressman and Assistant Union, AFL–CIO, is, in fact, the International Printing and Graphic Communications Union, AFL–CIO.

Although he had not mentioned LMRA § 301 in the complaint, and stylized his causes of action in common law terms, the court questioned him carefully to determine the nature of his claims. It is apparent from the allegations in his complaint and his responses to the court's questions that Fristoe was alleging that Reynolds wrongfully discharged him in breach of the collective bargaining agreement and that the union improperly handled his grievance.

■ Mere omission of reference to LMRA § 301 in the complaint does not preclude federal subject matter jurisdiction. The court's recharacterization of Fristoe's complaint as one arising under § 301 is required by federal preemption doctrines.

■ When principles of federal labor law are involved, they supersede state contract law or other state law theories. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657, 85 S.Ct. 614, 618, 13 L.Ed.2d 580 (1965); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.*, 369 U.S. 95, 102–03, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962); *Johnson v. England*, 356 F.2d 44, 48 (9th Cir.), *cert. denied*, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966); *accord, Sheeran v. General Electric Co.*, 593 F.2d 93, 96–97 (9th Cir. 1979).

On similar facts, the Sixth Circuit concluded:

We cannot accept the basic premise of Avco's argument that its action is based solely upon a State created right. Section 301 of the Labor Management Relations Act, 29 U.S.C., Section 185, confers jurisdiction upon the District Court . . to enforce collective bargaining agreements in industries affecting interstate commerce. *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), held that Federal substantive law preemptively applies in suits under Section 301 . . . . .

. . . . .

Thus, according to the findings of the Supreme Court, as enunciated in *Lincoln Mills*, supra, and expanded in *Lucas Flour Co.*, supra, all rights and claims arising

from a collective bargaining agreement in an industry affecting interstate commerce arise under Federal law. State law does not exist as an independent source of private rights to enforce collective bargaining contracts. While State courts may have concurrent jurisdiction, they are bound to apply Federal law. . . . The force of Federal preemption in this area of labor law cannot be avoided by failing to mention Section 301 in the complaint.

*Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n of Machinists and Aerospace Workers*, 376 F.2d 337, 339–40 (6th Cir. 1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

Construing Fristoe's complaint to allege a breach of the collective bargaining agreement, we conclude that the district court had subject matter jurisdiction under LMRA § 301.

*2. Untimeliness of the Removal Petition.*

Reynolds concedes it filed the petition for removal one day late. *See* 28 U.S.C. § 1446(b). It argues that this defect is not jurisdictional and that Fristoe should be estopped from raising it because he objected only after this appeal was taken.

■ The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional. *See Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702–04, 92 S.Ct. 1344, 1347–48, 31 L.Ed.2d 612 (1972); *Mackay v. Uinta Development Co.*, 229 U.S. 173, 176–77, 33 S.Ct. 638, 639, 57 L.Ed. 1138 (1913); 1A *Moore's Federal Practice and Procedure* ¶ 0.168[3.–5] (1974 ed.).

■ Although the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951); *Mackay*, 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138; *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405, 407

(C.D.Cal.1972); *Green v. Zuck*, 133 F.Supp. 436 (S.D.N.Y.1955).

When a case such as this has been removed and tried "on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction . . . ." *Grubbs*, 405 U.S. at 702, 92 S.Ct. at 1347.

■ Because the district court would have had original jurisdiction here, and we find that Fristoe had waived the untimeliness of the removal petition by failing to object on these grounds until this appeal, his point is not well taken.

3. *Failure of Unions to Join in Removal Petition.*

In the original state court action, Fristoe named as defendants Reynolds Metals Company and unnamed officers of Reynolds and of the unions later joined as defendants. The removal petition was filed only on behalf of Reynolds. Fristoe contends removal was improper because all of the defendants did not join in the removal petition. We disagree.

"Defendants . . . are to be treated collectively; and, as a general rule, all defendants who may properly join in the removal petition must join." 1A *Moore's Federal Practice and Procedure*, 447, ¶ 0.168[3.–2], cited by *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 547 (7th Cir. 1968).

■ First, since the unions were not named as defendants in the state court action their joinder would not have been proper. Consequently, they were not required to join in the removal petition.

■ Second, even if Fristoe's objection can be read as including the failure of the unidentified "officers" of Reynolds and the unions, as well as the Doe defendants, to join in the removal petition, their joinder was unnecessary.

The unnamed "officers" did not have to join in the petition according to *Perpetual Building and Loan Ass'n. v. Series Directors of Equitable Building & Loan Ass'n, Series No. 52*, 217 F.2d 1 (4th Cir. 1954). In that case, all defendants except "Series Directors" of the company joined in the removal petition. The court held the removal petition was not defeated by the non-joinder of the "Series Directors" since "there is nothing in the record to show the existence of any such juristic person or persons." *Id.* at 6. The unnamed "officers" could similarly be disregarded.

Finally, the unknown defendants sued as "Does" need not be joined in a removal petition. *Ronson Art Metal Works, Inc. v. Hilton Lite Corp.*, 111 F.Supp. 691 (N.D.Cal. 1953). *See also Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619–20 (9th Cir. 1957).

Removal to federal court was proper.

## II.

### SUMMARY JUDGMENT

*Standard of Review.*

In reviewing an order granting summary judgment, we first determine whether the opposing party has shown that a genuine issue as to any material fact exists. If, on the record, we find that no material facts are disputed, we view the evidence in the light most favorable to the party opposing the motion and determine whether the movant is entitled to prevail as a matter of law. *Hughes v. International Bhd. of Teamsters, Local 683*, 554 F.2d 365, 367 (9th Cir. 1977); *MGM Grand Hotel, Inc. v. Imperial Glass Co.*, 533 F.2d 486, 488 (9th Cir.), *cert. denied sub nom. United Pacific Ins. Co. v. MGM Grand Hotel, Inc.*, 429 U.S. 887, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543 (9th Cir. 1975).

■ We may affirm an order granting summary judgment on any ground supported by the record, even if the district court based its decision on an erroneous one. *Calnetics Corp. v. Volkswagen of America, Inc.*, 532 F.2d 674, 682 (9th Cir.), *cert. de-*

*nied,* 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976).

*Summary Judgment in Favor of the District Council.*

The trial court granted summary judgment for the District Council, holding that Fristoe had failed to exhaust union remedies, and that the remedies were not inadequate or futile. This court has held that "the determination whether to require such exhaustion is left to the sound discretion of the court." *Buzzard v. Local Lodge 1040,* 480 F.2d 35, 41 (9th Cir. 1973). Although Fristoe concedes that he failed to exhaust union remedies, he contends that the exhaustion requirement should not bar his action because he was ignorant of the intra-union appeals process and the union was remiss in failing to inform him of it once the union decided not to process the grievance.

■ An employee's ignorance of the appeals procedure does not generally excuse his failure to exhaust internal union remedies, even if the union failed to inform him of the possibility.

In *Newgent v. Modine Mfg. Co.,* 495 F.2d 919 (7th Cir. 1974), the court concluded:

[T]he exhaustion of union remedies is mandatory . . . and there is no question that the union remedies are in fact fair and adequate and were freely available to Newgent. By becoming a member of the union Newgent was contractually obligated to exhaust union remedies before resorting to a court action. . . . Necessarily implied in this obligation is the duty to become aware of the nature and availability of union remedies. Newgent was not "justified in . . . relying on a statement by an officer that there was nothing he could do."

**3.** Although we suggested in *Retana v. Apartment, Motel and Hotel Elevator Operators, Local No. 14,* 453 F.2d 1018 (9th Cir. 1972) that an employee who was ignorant of internal union remedies may have been justified in failing to exhaust these remedies because she spoke

*Id.* at 927–28 (citations omitted). *Accord, Kowalski v. Wisconsin Steel Works of Int'l Harvestor Co.,* 433 F.Supp. 314 (N.D.Ill. 1977); *Brookins v. Chrysler Corp. Dodge Main Division,* 381 F.Supp. 563, 566 (E.D. Mich.1974).[3] We conclude that the district court did not abuse its discretion in holding that Fristoe's failure to exhaust intra-union remedies bars this action against the union.

*Summary Judgment in Favor of Reynolds.*

■ When a collective bargaining agreement provides that arbitration will be the exclusive remedy for employee grievances, an employee may not bring an action against the employer in lieu of seeking arbitration. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Courts have recognized an exception to this rule: when the employee can show that the union breached its duty of fair representation by failing to pursue arbitration, the employee's action is not barred. *Vaca v. Sipes, supra,* at 186, 87 S.Ct. at 914. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

■ Because the instant agreement contained such a provision, Fristoe's action against Reynolds is barred unless Fristoe can show that the union breached its duty of fair representation. We conclude that it did not and summary judgment for Reynolds was appropriate.

Fristoe contends that the union's decision not to seek arbitration constituted a breach of the union's duty of fair representation. He must show, however, that the refusal to arbitrate was "arbitrary, discriminatory or in bad faith." *Vaca v. Sipes, supra,* 386 U.S. at 190, 87 S.Ct. at 916.

To decide whether the decision was indeed arbitrary, we need not ask whether Fristoe's grievance was in fact legitimate. Our inquiry is limited to determining whether the union's investigation of the allegations was arbitrary, discriminatory or in bad faith:

virtually no English, had never seen the union's constitution or by-laws, and the union had failed to explain her rights in Spanish, 453 F.2d at 1027, Fristoe does not present similar equities.

[i]f a union's decision that a particular grievance lacks sufficient merit to justify arbitration would constitute a breach of the duty of fair representation because a judge or jury later found the grievance meritorious, the union's incentive to settle such grievances short of arbitration would be seriously reduced.

*Vaca v. Sipes, supra,* at 192–193, 87 S.Ct. at 918.

Having examined the record, we cannot conclude that the union acted arbitrarily. Its business representative, Holihan, stated in an affidavit that he was responsible for the decision not to pursue arbitration. He said that he examined the relevant facts, including the eyewitness reports of two witnesses who would testify adversely to Fristoe, and concluded that in his best judgment Fristoe would lose in the arbitration. Holihan then decided against that remedy.

As this court has. stated:

[t]o refuse to process a bad case is in itself not arbitrary. Such a refusal is most reasonable and in fact essential to the grievance and arbitration system.

*Fountain v. Safeway Stores, Inc.,* 555 F.2d 753, 756–757 (9th Cir. 1977). Because two eyewitnesses were prepared to testify that Fristoe started the fight, and because none other than Fristoe himself would have testified that the supervisor started the fight, Holihan's conclusion that this was a "bad case" cannot be disputed.

Absent any showing of arbitrariness or hostility on the part of the union, Fristoe has not demonstrated a breach of the duty of fair representation. Because the union did not handle his grievance improperly, Fristoe is not entitled to pursue his claim against Reynolds in the courts, and summary judgment was properly entered in favor of the employer. *See Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842; *Melendy v. United States Postal Service,* 589 F.2d 256, 259–60 (7th Cir. 1978); *Buzzard v. Local Lodge 1040 Ass'n of Machinists and Aerospace Workers,* 480 F.2d 35, 41–42 (9th Cir. 1973).

*Summary Judgment in Favor of the International.*

To show liability on the part of the International for the conduct of the local and district council, Fristoe would have to establish the existence of an agency relationship. Applying the general principles of the law of agency, we find that no such relationship has been shown.

Even assuming an agency relationship did exist, the International is not liable because the local and district council did not breach their duty of fair representation.

*Absence of Two Depositions in the Record.*

Appellant has failed to show how he may have been prejudiced by appellees' omission of two depositions in the record prior to summary judgment. Absent a showing of prejudice, we find this error harmless.

AFFIRMED.