**Diane Carol COKELY, Plaintiff,**

v.

**PACIFIC GAS & ELECTRIC CO., Does I through XX, inclusive, Defendants.**

**No. C 84–0680 TEH.**

United States District Court, N.D. California.

June 13, 1984.

---

**4.** Nothing in this opinion should be read to affect the validity of plaintiffs' claims for intentional infliction of emotional distress.

Sondra J. Thornally, San Francisco, Cal., for plaintiff.

Henry J. LaPlante and John R. Low, San Francisco, Cal., for defendants.

## ORDER OF REMAND

THELTON E. HENDERSON, District Judge.

Defendant Pacific Gas and Electric Company has moved to dismiss portions of the plaintiff's complaint as preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Our review of the complaint leads us to conclude, however, that this action was improperly removed from state court and that we therefore lack jurisdiction to consider the defendant's motions. Accordingly, this action will be remanded to the state court of its origin, the Superior Court of the State of California for the County of Marin.

The defendant removed this action on the ground that the plaintiff's fourth cause of action states a claim for breach of the governing collective bargaining agreement on its face and therefore must be "recharacteriz[ed]" as an action arising under section 301. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980); *see also Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370–1371 n. 5 (9th Cir.1984). We disagree. Interpreting the plaintiff's fourth cause of action liberally and in light of the recent decision of the Court of Appeals in *Garibaldi v. Lucky Food Stores, Inc., supra,* it appears that the plaintiff alleges that she suffered retaliatory treatment *because* she filed and successfully pursued a claim of sexual harrassment and sex discrimination with a state administrative agency. Such a claim is not, on its face, preempted by section 301. *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d at 1371 n. 6, 1373–1375. To the contrary, the plaintiff seeks to remedy conduct which allegedly violates

the public policy of the State of California, as codified in section 12940(e) of the Government Code,[1] forbidding retaliatory treatment of employees who file administrative employment discrimination complaints. *See id.* Accordingly, the plaintiff's fourth cause of action does not provide a basis for removal because it is not, on its face, preempted by section 301. *Id.* at 1370–1375, 1370 n. 5.[2]

Having concluded that this Court lacks jurisdiction to consider this matter, IT IS HEREBY ORDERED that this action is REMANDED to the Superior Court of the State of California for the County of Marin.

IT IS SO ORDERED.

---

**1.** Section 12940(e) of the California Government Code provides, in pertinent part:

It shall be an unlawful employment practice ...:

(e) For any employer ... to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified or assisted in any proceeding under this part.

**2.** In so ruling, we recognize that facts which may be undiscovered in future discovery may not support the allegations of the plaintiff's fourth cause of action and that that claim may, in fact, be preempted by section 301. The final determination of the preemption issue, however, is for the state court. *See Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d at 1369 n. 4.