892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence JOHNSON, Plaintiff-Appellant,
v.
HOLIDAY INN at the EMBARCADERO and Hotel and Restaurant
Employees and Bartenders Union of San Diego Local
No. 30, AFL-CIO, Defendants-Appellees.
 No. 88-5963.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1989.
Decided Dec. 27, 1989.
 
 Before GOODWIN, SCHROEDER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Johnson appeals the district court's grant of summary judgment to Holiday Inn and the Hotel and Restaurant Employees and Bartenders Union of San Diego Local No. 30, AFL-CIO in his action against the hotel for wrongful discharge in violation of a collective bargaining agreement, and against the union for breach of its duty of fair representation. Johnson was employed as a cook in the hotel, and his termination followed his participation in an altercation with a fellow employee. The district court correctly ruled that Johnson's action against his former employer could not be maintained unless he could prevail in his claim against the Union for breach of its duty of fair representation. See Scott v. Machinists Automotive Trades D. Lodge 190, 827 F.2d 589, 592 (9th Cir.1987), (citing Vaca v. Sipes, 386 U.S. 171, 181-83 (1967)). For the reasons given by the district court, we conclude that the Union conducted a thorough investigation of the grievance before deciding not to take it to arbitration.
 
 
 3
 The only contention on appeal of any substance which was not addressed in the district court's decision is Johnson's allegation that the Union acted discriminatorily and arbitrarily because it did not pursue arbitration in Johnson's case when the other participant in the altercation, Gustavo Enriquez, had been reinstated. Johnson maintains that he and Enriquez were equally culpable; the record, however, belies that contention. The Union discovered during the course of its investigation that Johnson had started the fight. Under such circumstances, the Union's decision not to pursue Johnson's grievance was not arbitrary. See Johnson v. United States Postal Service, 756 F.2d 1461, 1465 (9th Cir.1985) (union may screen grievances and arbitrate only those it believes meritorious); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1215 (9th Cir.1980) (union did not act arbitrarily in refusing to pursue an employee's grievance, where union believed it would lose the arbitration as two witnesses would testify that the discharged employee started the fight).
 
 
 4
 Johnson further maintains that the Union breached its duty of fair representation by failing to preserve his right to pursue his grievance independently. As explained by the district court, Johnson's remedy is limited to the grievance procedures of the collective bargaining agreement. Johnson does not allege nor does the record indicate that the collective bargaining agreement provided for independent pursuit of grievances by Holiday Inn's employees.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3