24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 M. Shafi CHAUDRY; Abdul Waheed Chaudry, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION, as Receiver for Mercury
Savings and Loan Association, Defendant-Appellee.
 No. 92-56482.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 M. Shafi Chaudry and Abdul Waheed Chaudry appeal pro se the district court's dismissal without prejudice of their action for lack of prosecution. The Chaudrys sued the Resolution Trust Corporation ("RTC"), as receiver for Mercury Savings and Loan Association ("Mercury"), alleging various state law claims arising out of the execution of a real estate sales contract. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The Chaudrys originally filed this action against Mercury in California state court on November 16, 1987. On May 16, 1990, the RTC was appointed conservator of Mercury. On April 10, 1990, the state court granted the RTC's motion to substitute as defendant in the Chaudrys' action. Subsequently, the RTC was appointed receiver of Mercury and the state court issued two orders on June 26, 1990 and August 22, 1990 substituting the RTC as defendant in its new capacity as receiver.
 
 
 4
 On November 8, 1990, the state court issued an order adopting a written stipulation between the Chaudrys and the RTC extending the time for the RTC to remove the action to federal court until November 30, 1990. On November 28, 1990, the RTC removed the Chaudry's action to district court.
 
 
 5
 On September 16, 1992, the district court issued an order to show cause why the action should not be dismissed for lack of prosecution. The Chaudrys did not respond to the order to show cause. Consequently, on October 13, 1992, the district dismissed the action without prejudice for lack of prosecution.
 
 
 6
 The Chaudrys' sole contention on appeal is that the district court lacked jurisdiction to issue the order dismissing the action because the RTC removed the case beyond the 90-day period prescribed by 12 U.S.C. Sec. 1441a(1)(3)(A). This contention lacks merit.
 
 
 7
 Generally, the RTC must remove an action to federal court "not later than 90 days after the date the [RTC] is substituted as a party." 12 U.S.C. Sec. 1441a(1)(3)(A)(i). The statutory time limit for removal, however, is not jurisdictional. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir.1980) (per curiam). Although the time limit for removal is mandatory, a party waives objection to late removal by "sitting on his rights" and objecting for the first time on appeal. Id. at 1212-13. Additionally, where there is no objection to late removal below, the issue on appeal " 'is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction.' " Id. at 1213 (quoting Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972)).
 
 
 8
 Here, the Chaudrys not only failed to raise any timeliness objections to the RTC's removal below, but also stipulated, through their attorney, to an extension of time for the RTC to remove to federal court. The RTC filed its removal petition within the stipulated time. Thus, the Chaudrys waived any objection to the timeliness of the RTC's removal petition. See id. at 1212-13. Moreover, under 12 U.S.C. Sec. 1441a(l)(1), the district court had original jurisdiction over the Chaudrys' action after the RTC was substituted as the defendant. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3