50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Michael GREENE, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; National Association of
Letter Carriers of the USA, AFL-CIO, Defendants-Appellees.
 No. 93-56184.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1995.*
Decided March 6, 1995.
 
 Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 We have jurisdiction over Greene's appeal from the district court's grant of summary judgment in favor of the National Association of Letter Carriers ["the Association"]. Because Greene served his opening brief on the Association, the Association had notice that Greene challenged the summary judgment on appeal. Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir.1986). Further, the Association fully briefed the arguments raised by Greene on appeal, and thus was not prejudiced by Greene's failure to comply with Fed.R.App.P. 3(c). Id.
 
 II.
 
 3
 The district court's grant of summary judgment in favor of the Association was proper. Greene presents no evidence that the Association processed his grievance "in a perfunctory fashion"; to the contrary, Thomas Young provided a reasoned explanation for his decision. Peters v. Burlington Northern R.R. Co., 931 F.2d 534, 540 (9th Cir.1991); see also Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1215 (9th Cir.1980). Greene presents no evidence that Young's decision was improperly colored by Young's alleged resentment that Greene had contacted his congressman for help. Kashinski's attitude is irrelevant since Young, not Kashinski, was responsible for the decision not to pursue Greene's claim further. Greene points out that Young discussed Greene's case with Kashinski before making a final decision, but the record does not indicate this discussion occurred after Kashinski learned of Greene's contact with Congressman Dornan or that Kashinski mentioned Greene's contact with the congressman to Young. Greene asserts Young was "nasty" to one of Congressman Dornan's staffers, but this conversation took place nearly a month after Young had made his decision and informed Greene of it.
 
 III.
 
 4
 Since the summary judgment was proper, dismissal of the Postal Service was appropriate as well. Vaca v. Sipes, 386 U.S. 171, 190 (1967).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3