Gary SEKARDI, Plaintiff—Appellant,

v.

MAIL WELL COMMERCIAL PRINT-
ING INC., A COLORADO CORPORA-
TION, dba Graphic Arts Center; et al.,
Defendants—Appellees.

No. 04–35232.
D.C. No. CV 02–1449 MWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided Aug. 4, 2005.

Sean A. Lyell, Attorney at Law, Oregon
City, OR, for Plaintiff–Appellant.

Richard N. Van Cleave, Barran Liebman, LLP, Paul C. Hays, Carney, Buckley, Hays & Marsh, Portland, OR, Kenneth J. Pedersen, Todd A. Lyon, Reid Pedersen McCarthy & Ballew, Seattle, WA, for Defendant–Appellee.

Before RYMER, TASHIMA, Circuit Judges, and WEINER,* District Judge.

### MEMORANDUM**

Plaintiff Gary Sekardi ("Sekardi") appeals the district court's grant of summary judgment to Defendants Mail–Well Commercial Printing ("Mail–Well") and Graphic Communications International Union Local 767–M ("the Union") on Sekardi's claims of wrongful termination against Mail–Well and breach of the duty of fair representation against the Union. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *Gieg v. DDR, Inc.*, 407 F.3d 1038, 1045 (9th Cir.2005). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

■ Sekardi contends that a genuine issue of material fact exists as to whether the Union adequately investigated his grievance and deliberated before deciding not to take his grievance to arbitration.[1]

We note at the outset that, even if the Union made an error in evaluating Sekardi's grievance, the Union is liable only upon a showing of bad faith or discrimination. *See, e.g., Conkle v. Jeong*, 73 F.3d 909, 916 (9th Cir.1995); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1214 (9th Cir.1980). Sekardi did not properly raise the bad faith argument before the district court, mentions it only in passing without citing to cases in his Opening Brief, and finally fleshes it out in his Reply Brief. Sekardi has therefore waived this argument. *See Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1052 (9th Cir.2003) (holding that issues abandoned before the district court will not be considered on appeal); *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir.2001) (observing that issues raised in an appellate brief but not supported by argument are deemed abandoned); *Alaska Ctr. for Env't v. United States Forest Serv.*, 189 F.3d 851, 858 n. 4 (9th Cir.1999) (noting that an appellant who waives an argument by failing to raise it in his opening brief cannot raise the argument for the first time in his reply brief).

■ Sekardi further asserts that the Union breached its duty of fair representation by processing his grievance in a perfunctory manner and deciding not to pursue it without explanation. *See Conkle*, 73 F.3d at 916. We disagree. We must "accord substantial deference to a union's decisions regarding such matters." *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) (citation and internal quotation marks omitted). The Union provided a rationale for its decision: Sekardi's evi-

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we recite them only as necessary to aid in the understanding of this disposition.

dence was not enough to overcome Mail–Well's argument that inequities in skills and abilities existed. This rationale, "whether sound or flawed," *Peters v. Burlington N. R.R.*, 931 F.2d 534, 541 (9th Cir.1990), shows that the Union did not act arbitrarily. The performance reviews and progress report standing alone are strong evidence that there was "marked inequity in job qualifications, abilities or skills within an employee's classification," as required by the collective bargaining agreement. The Union's decision not to pursue the grievance was not "so far outside a 'wide range of reasonableness' as to be irrational." *Conkle*, 73 F.3d at 915 (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991)).

■ We also conclude that the Union's investigation into Sekardi's grievance was adequate. The Union spoke with Sekardi and his wife a number of times, requested and reviewed Sekardi's personnel file from Mail–Well, including the performance reviews and progress report, interviewed at least three of Sekardi's co-workers, and attended the Step 2 meeting where it argued on Sekardi's behalf. We have held similar investigations to be adequate in a number of cases. *See, e.g., Evangelista v. Inlandboatmen's Union of the Pacific*, 777 F.2d 1390 (9th Cir.1985); *Eichelberger v. NLRB*, 765 F.2d 851 (9th Cir.1985); *Fristoe*, 615 F.2d 1209.

Sekardi next contends that the district court erred in its treatment of the factual dispute regarding what Ballou told the Union about him. While we find the district court's decision simply to disregard contradicted testimony troubling, given the high degree of deference we must afford the Union, *see Peterson*, 771 F.2d at 1254,

we conclude that the summary judgment in favor of Defendants was proper.

■ Finally, Sekardi contends that the Union failed to deliberate on whether to claim that he was terminated in violation of the collective bargaining agreement's provision for just-cause termination. The Union, however, considered this claim, and rejected it as futile. "[A] more detailed explanation" for the Union's decision on "how best to handle a grievance" is not required. *Slevira v. Western Sugar Co.*, 200 F.3d 1218, 1222 (9th Cir.2000).

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**