**Kenneth JACKSON, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**Case No. C 08–1670 JF (RS).**

United States District Court, N.D. California, San Jose Division.

Dec. 1, 2008.

Stuart McLeod Wilson, Law Offices of Stuart Wilson, San Jose, CA, for Plaintiff.

Gregory Louis Spallas, Shivani Sutaria, Phillips Spallas & Angstadt LLP, San Francisco, CA, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

JEREMY FOGEL, District Judge.

Plaintiff Kenneth Jackson ("Jackson") moves to remand the instant action to the Santa Clara Superior Court on the ground that Defendant Wal–Mart Stores, Inc. ("Wal–Mart") failed to meet the one-year deadline for removal contained in 28 U.S.C. § 1446(b). Wal–Mart opposes the motion. For the reasons discussed below, the motion will be denied.

### I. BACKGROUND

Although he filed this wrongful termination action against Wal–Mart in the superior court on February 15, 2007, Jackson did not serve Wal–Mart with the complaint until seven months later. Wal–Mart then attempted to ascertain Jackson's alleged damages in order to determine whether the action could be removed to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332. Wal–Mart served Jackson with interrogatories and document requests in October 2007; when Jackson failed to respond, Wal–Mart filed a motion to compel. Although the superior court ordered Jackson to serve Wal–Mart with responses by February 21, 2008, Jackson did not serve the responses until March 2, 2008, more than one year after he filed the action. Concluding from the responses that the amount in controversy

exceeds the jurisdictional amount of $75,000, Wal–Mart filed a notice of removal on March 27, 2008. Jackson filed the instant motion for remand five months later.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th Cir.1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question, and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *Ethridge,* 861 F.2d at 1393. The removal statute is strictly construed against removal. *Id.* Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.* However, "a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action." *Id.* The removal statute distinguishes between defects in removal procedure and a lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316 (9th Cir.1998). Remand for lack of subject-matter jurisdiction may occur "at any time before final judgment." *Id.* However, a plaintiff seeking remand because of a defect in the removal procedure must file a motion "within 30 days after the filing of the notice of removal." *Id.*

## III. DISCUSSION

 Because Wal–Mart did not file its notice of removal within one year after Jackson commenced this action in state court, the removal in the instant case was untimely. *See* 28 U.S.C. § 1446(b). However, Jackson's failure to move for remand within thirty days of removal waived any procedural defects in the removal. *See* 28 U.S.C. § 1447(c). Accordingly, the disposition of the instant motion turns on whether Wal–Mart's failure to remove within the one-year time limit in § 1446(b) is a procedural or a jurisdictional defect. If it is the latter, Jackson may seek remand at any time before entry of final judgment.

The Ninth Circuit has not addressed whether a defendant's failure to meet the one-year deadline of § 1446 constitutes a procedural or a jurisdictional defect, and district courts in this circuit are divided. *See Perez v. General Packer, Inc.,* 790 F.Supp. 1464, 1471 (C.D.Cal.1992) ("the one-year rule [in § 1446(b) ] is a jurisdictional rule and its violation a jurisdictional defect"); *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543, 545 (N.D.Cal.1989) (the amendment to 28 U.S.C. § 1446(b) prohibiting "removal more than one year after commencement of a suit ... is a procedural one"). The only circuit courts to address the issue—the Third and Fifth Circuits—have held that failure to meet the one-year deadline is a non-jurisdictional defect. *See Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611, 614 (3d Cir.2003); *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.1992).

### A. Sections 1446(b) and 1447(c) Are Procedural Rather Than Jurisdictional Provisions

 This Court finds persuasive decisions concluding that failure to meet the

one-year deadline is a procedural rather than a jurisdictional defect. The one-year limit has nothing to do with whether the parties in fact are diverse or whether the jurisdictional amount actually is in controversy. The language of the statute itself "indicates that sections 1446(b) and 1447(c) are procedural provisions." *Barnes*, 962 F.2d at 516. Section 1446(b) establishes time limits for removal, and section 1447(c) establishes time limits for remand based upon non-jurisdictional defects in the removal procedure. *Id.;*[1] *see also Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001)(discussing defects in subject-matter jurisdiction).

Jackson's sole argument against removal is that Wal–Mart did not meet the time limit in the removal statute. The principal authority on which Jackson relies, *Perez v. General Packer, Inc.*, 790 F.Supp. 1464 (C.D.Cal.1992),[2] distinguished cases[3] in which the thirty-day time limit was held to be a procedural requirement, *id.* at 1469, and reasoned that the "prohibitory" language of the statute rendered the one-year limit jurisdictional, *id.* at 1470. The Third

Circuit rejected this very distinction in *Ariel*:

> Neither provision expressly purports to limit federal jurisdiction, and the prohibitive terms of the one-year limit ("except that a case may not be removed") are no more mandatory than the compulsory terms of the 30–day limit ("[t]he notice of removal ... shall be filed").

351 F.3d at 614–615.

## B. The Policy Underlying the Removal Statute Supports a Conclusion that the One–Year Limit is Not Jurisdictional

The one-year limit on removal based on diversity jurisdiction was enacted in 1988. *Ariel*, 351 F.3d at 615 (citing the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 1016(b), 102 Stat. 4642, 4669). At the same time, Congress also "added the requirement in § 1447(c) that motions to remand based on non-jurisdictional defects be filed within 30 days of removal." *Id.* (citing Pub.L. No. 100–702, § 1016(c), 102 Stat. at 4670). The inclusion of the one-year limit in § 1446(b) and the thirty-day limit in

---

1. Interpreting an earlier version of the removal statute, the Ninth Circuit held that "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("[a]lthough the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights"). Although the underlying action in *Fristoe* had been removed on the basis of federal-question jurisdiction, and the earlier version of the removal statute did not include the one-year limitation at issue here, *Fristoe* suggests strongly that the statutory time limits are procedural in nature.

2. *Perez* has been criticized in several subsequent cases. The Ninth Circuit disagreed that the one-year limit applies to both paragraphs of 28 U.S.C. § 1446(b), *Ritchey v. Upjohn*

Drug Co., 139 F.3d 1313, 1317 (9th Cir.1998) ("One year limit [...] does not apply to cases that were removable in the first instance"), and other district courts have disagreed with *Perez* on policy grounds, *see Kinabrew v. Emco–Wheaton, Inc.*, 936 F.Supp. 351, 352 (M.D.La.1996) (recognizing an exception to the one-year limitation where "the plaintiff attempts to manipulate the forum by withholding service on the defendants until more than one year after the suit was filed in state court"); *Rauch v. Rauch*, 446 F.Supp.2d 432, 435 (D.S.C.2006) (certifying for interlocutory appeal the question of whether the one-year limit is jurisdictional or whether it "may be waived in the favor of equity").

3. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979); and *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983).

§ 1447(c) reflects a balanced policy designed to discourage forum shopping and conserve judicial resources. *See id.* The one-year removal deadline was intended to discourage "removal after substantial progress has been made in state court." *Ariel,* 351 F.3d at 615 (quoting *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)). Conversely, the thirty-day remand deadline seeks to avoid further "delay and disruption" when "federal proceedings [have carried] on at length." *Id.* Congress was concerned with the "risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn." *Id.* (citing H.R.Rep. No. 100–889, at 72, U.S.Code Cong. & Admin.News 1988, pp. 5982, 6033).

Construing the one-year limit as a procedural requirement in the instant case comports with the legislative purpose underlying the removal statute. Jackson did not serve Wal–Mart until seven months after filing the action. Wal–Mart then sought discovery to determine the amount in controversy, but Jackson delayed serving discovery responses until the one-year removal deadline had passed. The responses provided Wal–Mart with the information it needed to establish diversity jurisdiction, and it promptly filed its notice of removal. To bar removal on the facts of this case would not serve the policy underlying the rule. The parties did not make substantial progress in state court.[4] In contrast, this Court already has held an initial case management conference and referred the parties to an early neutral evaluation. Derailing the case again by sending it back to state court would not be in the interest of judicial economy and would reward Jackson's dilatory tactics.

The policy concerns raised in *Perez* do not apply here. The district court in that case reasoned that reading "the one-year rule as non-jurisdictional would encourage litigants over the one-year limit to file Notices of Removal regardless of the limit and wager that the plaintiff will not detect the statutory violation within 30 days." 790 F.Supp. at 1469. *Perez* expressed concern for a plaintiff who is not "alert or inspired enough to raise the one-year defect." *Id.* at 1471. As is apparent from the procedural history recited above, Jackson cannot fairly be characterized as the type of plaintiff *Perez* sought to protect.

Instead, this case bears significant similarities to *Ariel* and *Barnes.* In *Barnes,* the plaintiff filed his sixth amended complaint approximately four years after commencement of the action. *Barnes,* 962 F.2d at 514–15. For the first time, the complaint named completely diverse defendants, and one of the defendants filed promptly for removal. *Id.* at 515. Twenty months later, the plaintiff challenged the removal based on the defendant's failure to remove within one year of the filing of the original complaint. *Id.* The plaintiff in *Ariel* also moved to remand twenty months after removal. *Ariel,* 351 F.3d at 612. Like the defendant in *Barnes,* Wal–Mart was diligent in seeking removal once the facts giving rise to diversity jurisdiction came to light.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for remand is DENIED.

---

4. The state court's involvement was limited to one case management conference and Wal– Mart's motion to compel discovery responses.