

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

In re:

KAY M. PARKER,

Debtor.

_____

KAY M. PARKER,

Appellant,

v.

MID VALLEY SERVICES, INC.;
HARMINDER DEOL,

Appellees.

BAP No. EC-19-1079-BSF

Bk. No. 17-90869

Adv. No. 18-9016

**MEMORANDUM**<sup>*</sup>

Submitted Without Oral Argument on January 30, 2020

Filed – February 11, 2020

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

<sup>*</sup> This disposition is not appropriate for publication.  Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Robert S. Bardwil Bankruptcy Judge, Presiding

———

Appearances:     Kay M. Parker, pro se on brief; David L. Emerzian of McCormick, Barstow, Sheppard, Wayte & Carruth LLP, on brief for appellee Mid Valley Services, Inc.; appellee Harminder Deol did not appear.

———

Before:     BRAND, SPRAKER and FARIS, Bankruptcy Judges.

## INTRODUCTION

Appellant Kay M. Parker appeals an order granting the motion of Harminder Deol to remand Deol's unlawful detainer action ("UD Action") to the state court, after Parker had removed it to the bankruptcy court. She also appeals the bankruptcy court's order denying reconsideration of the remand order. The bankruptcy court granted Deol's motion to remand on the basis that Parker's removal of the UD Action was untimely. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.     Events prior to the remand motion**

Prior to her two chapter 13[1] bankruptcy filings, Parker, a practicing attorney, and her late husband owned a home that was subject to a mortgage with appellee, Mid Valley Services, Inc. Ultimately, the Parkers defaulted on

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

the loan, and Mid Valley set a foreclosure sale for October 17, 2017.

Parker filed a "skeletal" chapter 13 bankruptcy case on October 2, 2017. That case was dismissed on October 20, 2017, for failure to file the required documents. Mid Valley rescheduled the foreclosure sale for October 30, 2017.

Parker then filed a second chapter 13 bankruptcy case on October 27, 2017, thereby triggering the 30-day stay consequences of § 362(c)(3)(A). As a result, the automatic stay expired as to Parker, her property and to property of the estate on November 26, 2017.[2]

Mid Valley proceeded with the foreclosure sale on December 20, 2017. Deol was the winning bidder. A Trustee's Deed was recorded on January 3, 2018.

When Parker failed to vacate the home after being served with a 3-day Notice to Quit, Deol filed the UD Action against her in state court on January 5, 2018. Parker was served with a copy of the summons and complaint that same day by mail and by posting at the property.

In response, Parker filed a Motion to Quash. After temporarily staying the matter and granting multiple continuances, the state court heard oral argument on the Motion to Quash on August 2, 2018. Parker did not appear. The state court entered an order denying the Motion to Quash on August 10,

---

[2] *See Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 367 (9th Cir. BAP 2011) (under § 362(c)(3)(A), when a debtor files a second bankruptcy case within a year of the earlier case's dismissal, the automatic stay terminates as to the debtor, the debtor's property, and property of the estate on the 30th day after the second petition date).

2018.

## B.    Removal of the UD Action and remand

### 1.    Parker's removal notice and Deol's motion to remand

On November 8, 2018 — ten months after the UD Action had been filed and served and the day before the trial was to begin — Parker removed the UD Action to the bankruptcy court. She argued that the removal notice was timely under Rule 9027(a)(2), because it was filed within: (1) 90 days of the quash order; or (2) 180 days after the state court stayed the UD Action, which she argued tolled the limitations period for removal.

Less than two weeks later, Deol moved to remand the UD Action to the state court ("Motion to Remand"). He argued that Parker's removal was untimely under Rule 9027(a)(3), because the UD Action was filed after her bankruptcy filing, and she had not filed the notice of removal within 30 days of being served with or receiving the summons and complaint. Deol argued that Parker's reliance on subsection (a)(2) of Rule 9027 was misplaced. That subsection applies only to a civil action filed **before** the petition date; the UD Action was filed **after**. Accordingly, subsection (a)(3) applied here.

Parker did not file an opposition to the Motion to Remand but instead moved to continue the hearing. Parker asserted that she needed more time to respond.[3]

---

[3] Parker does not dispute the bankruptcy court's ruling denying a continuance of the hearing.

After a hearing, the bankruptcy court entered an order granting the Motion to Remand, finding that Parker's removal of the UD Action was untimely under Rule 9027(a)(3) ("Remand Order"). Subsection (a)(2) did not apply, since the UD Action was filed after Parker's bankruptcy filing and Parker had admitted to receiving the complaint on January 5, 2018.

## 2.    Parker's motion for reconsideration

Parker timely moved for reconsideration of the Remand Order under both Civil Rules 59(e) and 60(b), applicable here by Rules 9023 and 9024 ("Motion to Reconsider"). Parker did not dispute the court's ruling that the removal notice was untimely. She disputed the court's additional findings with respect to the automatic stay and that Mid Valley had not violated the stay with the foreclosure sale on December 20, 2017.

After initially granting the Motion to Reconsider in part and ordering further briefing on Mid Valley's alleged stay violation, the bankruptcy court ultimately denied the Motion to Reconsider ("Reconsideration Order"). It concluded that Mid Valley did not violate the automatic stay. The details of that decision were provided in a related adversary proceeding.[4] In light of that ruling, the court again ruled that Parker's removal notice was untimely under Rule 9027(a)(3), and that she had not shown excusable neglect for the untimely removal under Rule 9006(b)(1). Consequently, the UD Action would

---

[4] The issues regarding the automatic stay and Mid Valley's alleged violation of it were the subject of Parker's appeal, BAP No. 19-1099. That appeal was dismissed on July 8, 2019. *See* dkt. no. 6.

be remanded.

Parker timely appealed the Remand Order and the Reconsideration Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.    Did the bankruptcy court abuse its discretion in granting the Motion to Remand?

2.    Did the bankruptcy court abuse its discretion in denying the Motion to Reconsider?

## IV. STANDARD OF REVIEW

Decisions to remand under 28 U.S.C. § 1452 are committed to the sound discretion of the bankruptcy judge and are reviewed for abuse of discretion. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416 (9th Cir. BAP 1999). Denial of a motion to amend or alter judgment under Civil Rule 59(e) is reviewed for an abuse of discretion. *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if its factual findings are clearly erroneous. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## V. DISCUSSION

**A.      The bankruptcy court did not abuse its discretion in granting the Motion to Remand.**

Parker fails to argue anything relevant to the bankruptcy court's decision to remand the UD Action. Her arguments address only the court's ruling on the automatic stay, which is the subject of a different appeal that has been dismissed. *See* BAP No. 19-1099. Deol has not appeared in this appeal. Mid Valley has appeared, but it too makes arguments relevant only to the dismissed appeal. Therefore, no one has addressed the bankruptcy court's ruling remanding the UD Action to the state court on the grounds that Parker's notice of removal was untimely.

Generally, arguments not raised on appeal are waived or deemed abandoned. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived); *Wilcox v. Comm'r,* 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (arguments not raised on appeal by a pro se litigant are deemed abandoned). Even if Parker had properly presented the issue, we would conclude that the bankruptcy court did not abuse its discretion in granting the Motion to Remand.

Removal is governed by Rule 9027 and the bankruptcy removal statute 28 U.S.C. § 1452(a).[5] Rule 9027 establishes the procedure for removal under 28

---

[5] 28 U.S.C. § 1452(a) provides:

(continued...)

7

U.S.C. § 1452(a). *Perry v. Chase Auto Fin. (In re Perry)*, BAP No. CC-10-1395-DMkKi, 2011 WL 4503166, at *6 (9th Cir. BAP July 8, 2011) (citing 1 COLLIER ON BANKRUPTCY, ¶ 3.07[5] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2011)). For state court civil actions filed **after** the bankruptcy case was filed, as here, a notice of removal must be filed within the shorter of: (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons. Rule 9027(a)(3)(A) and (B). "The Court must strictly construe removal statutes." *Barstad v. Davidson (In re Barstad)*, 580 B.R. 272, 278 (Bankr. D. Mont. 2017) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).

The record demonstrates that Deol's complaint was filed on January 5, 2018, and that Parker was served with both the summons and complaint on that date, or she at least received a copy of the complaint within the meaning of Rule 9027 on that date. Under Rule 9027(a)(3), Parker was required to file any notice of removal of the UD Action no later than February 4, 2018. She

---

[5](...continued)
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's policy or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

did not file it until November 8, 2018, nine months past the time for filing a notice of removal. Thus, the removal was untimely under Rule 9027(a)(3).

Although the time limitations in Rule 9027 are procedural and not jurisdictional, they are mandatory, and "a timely objection to a late petition will defeat removal . . . ." *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curium) (applying similar 30-day removal time limit in 28 U.S.C. § 1446(b)); *see also Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (party may waive defect of untimely removal or be estopped from objecting to the untimeliness by sitting on his rights). While there is no time limit in 28 U.S.C. § 1452 or Rule 9027 for filing a motion to remand as there is in 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(a)), the outcome is the same in this case. Parker's untimely removal was defective, and Deol raised that argument in his promptly-filed Motion to Remand. Thus, the bankruptcy court had no choice but to grant the Motion to Remand. *Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1551 (9th Cir. 1988) ("once the district court determined that [defendant]'s petition for removal was untimely" — i.e., a procedural defect — "remand of the present case became **mandatory** under [28 U.S.C. §] 1447(c)." (emphasis added)), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c); *Fristoe*, 615 F.2d at 1212. *See also In re Perry*, 2011 WL 4503166, at *6 (affirming bankruptcy court's decision to remand due to debtor's untimely removal under Rule 9027(a)(3)).

Alternatively, the untimely removal of the UD Action provided an "equitable ground" for remand under 28 U.S.C. § 1452(b).[6] "'Failure to remove in a timely fashion is an "equitable ground" for remand under section 1452(b)[.]'" *El Llano Co. v. Summit Inv. Co., LLC (In re Potter)*, No. 06-1138-M, 2007 WL 1672181, at *3 (Bankr. D.N.M. June 6, 2007) (quoting 1 COLLIER ON BANKRUPTCY ¶ 3.07[6][a] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006) (applying Rule 9027 to untimely removal notice). *See also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131-35 (1995) (Ginsburg, J., concurring) (reasoning that untimely removal provides "equitable ground" for remand under 28 U.S.C. § 1452(b)).

Parker's notice of removal of the UD Action was untimely under Rule 9027(a)(3). Thus, the bankruptcy court did not abuse its discretion in granting Deol's Motion to Remand. We also discern no abuse of discretion when the bankruptcy court determined that Parker had not shown excusable neglect for the untimely removal under Rule 9006(b)(1).[7] Parker did not even request

---

[6] 28 U.S.C. § 1452(b) provides, in relevant part, "[T]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

[7] Rule 9006(b)(1) provides, in relevant part, "when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Rule 9006 provides authority for the bankruptcy court to enlarge the 30-day time
(continued...)

such relief; rather, she asserted that the removal notice was timely and never disputed the bankruptcy court's ruling to the contrary, even in her Motion to Reconsider.

**B.     The bankruptcy court did not abuse its discretion in denying the Motion to Reconsider.**

The bankruptcy court ultimately denied the Motion to Reconsider, ruling again that Parker's removal notice was untimely and that she had not demonstrated excusable neglect for the untimely removal. Even though in her notice of appeal Parker appealed the Reconsideration Order, she did not provide any argument on the issue in her brief. It appears that this issue too has been waived or abandoned. *Acosta–Huerta*, 7 F.3d at 144; *Wilcox*, 848 F.2d at 1008 n.2. In any case, we discern no abuse of discretion by the bankruptcy court in denying the motion. Parker's removal notice was untimely, and she failed to even dispute it.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM the Remand Order and the Reconsideration Order.

---

[7](...continued)
period for removing actions under Rule 9027. *See Pacor Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc.,* 516 U.S. at 134-35; *Flores v. Oh (In re Oh),* BAP No. NC-07-1325-MdKB, 2008 WL 8448837, at *13 (9th Cir. BAP Apr. 16, 2008) (Klein, J., concurring) (same).